## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Damarques Debrante Enochs (Y22500), )
 )
     Plaintiff, )
 )  Case No. 25 C 5388
    v. )
 )  Hon. Jeremy C. Daniel
Lt. Givens, et al., )
 )
     Defendants. )

## ORDER

 Plaintiff's renewed application for leave to proceed *in forma pauperis* [9] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $9.26 from Plaintiff's account as the initial partial payment of the filing fee and to continue making deductions in accordance with this order as set forth below. The Court directs the Clerk to send a copy of this order to the facility having custody of Plaintiff (electronically if possible) and to the Court's Fiscal Department. The Court has reviewed Plaintiff's complaint [1] and finds that Plaintiff may proceed upon it in accordance with this order. The Clerk is instructed to (1) file Plaintiff's complaint; (2) terminate Dr. Larry, CTO Hockenberg, Internal Affairs and one John Doe as Defendants in this action. The Clerk is directed to send Plaintiff a copy of this order. Plaintiff must promptly notify the Court if her address changes, and her failure to do so may also result in dismissal of this case. Plaintiff's motion for attorney representation [6] is denied without prejudice.

## STATEMENT

 Illinois prisoner Damarques Debrante Enochs brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning her incarceration at the Joliet Treatment Center.[1] Plaintiff's renewed IFP application (Dkt. 9), her complaint (Dkt. 1), and her motion for attorney representation (Dkt. 6) are before the Court.

 Plaintiff has demonstrated that she cannot prepay the filing fee, and thus, her renewed application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of her to automatically remit) $9.26 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of her to automatically remit) to the Clerk of Court twenty percent of the money she receives for each calendar month during which she receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District

---

[1]  Plaintiff self-identifies as a transgender woman, so the Court will refer to her by female pronouns.

Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court must screen the complaint and dismiss it, or any portion thereof, if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 214 (2007). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), while giving the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing the sufficiency of a complaint, courts accept its well-pleaded facts as true, "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe complaints filed by *pro se* litigants liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff's complaint is not a model of clarity. That said, the focus of this lawsuit seems to be a force incident that occurred on August 22, 2024, at the Joliet Treatment Center.

Plaintiff describes asking various officers and a counselor to report certain "harassment" that she seems to have endured at the hands of staff. (Dkt. 1 at pg. 11.) Plaintiff alleges that her request was unsuccessful and that Defendant Brills "came to calm [her][.]" (*Id.* at pg. 12.) Plaintiff says that she suffers from various mental health issues and she describes herself as a "trans inmate." (*Id.*) Plaintiff describes Defendant Brills and a John Doe officer placing her in "cuffs." (*Id.*) Plaintiff says that "seconds later[,]" Lt. Givens "bomb [*sic*] rushed [her][,]" grabbed Plaintiff's cuffs and said, "you faggot motherfucker you think you tuff [*sic*]." (*Id.*) Plaintiff describes Lt. Givens tightening the cuffs and pulling Plaintiff "down with force popping her shoulder out of place and ripping Plaintiff's skin, tissue, around her wrist so bad it had to be treated for weeks." (*Id.*) Plaintiff says that she was "already subdued and in compliance" and that she told Defendant Brills and the John Doe officer that the "cuffs were to[o] tight and her shoulder is on fire." (*Id.*) Plaintiff says that she asked the officers to loosen the cuffs and they ignored her. (*Id.* at pg. 13.) Plaintiff says that the officers told her to step into the shower, which caused her to have an anxiety attack and feel depressed and defeated. (*Id.*) Plaintiff says that "Mrs. Morris" witnessed the incident and told Plaintiff she would report the incident. (*Id.*) Plaintiff describes sitting "in cuffs for a period of time losing feeling and bleeding out in pain which was shooting thr[ough] [her] shoulder." (*Id.*)

Plaintiff names as Defendants Lt. Givens, Dr. Larry, CTO Brills, CTO Hockenberg, two John Doe officers, and "Internal Affairs." (*Id.* at pgs. 1-3.)

Accepting Plaintiff's factual allegations as true, the complaint warrants further inquiry as to the application of force used by Defendant Lt. Givens during the August 22, 2024, incident. A prison officer's use of excessive force violates a prisoner's Eighth Amendment right against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Determining if force was excessive depends upon whether it "was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).  Likewise, Plaintiff's allegations that Defendants Brill and a John Doe officer stood by and did nothing to assist Plaintiff during the force incident are sufficient to state a failure to intervene claim against these individuals.[2]  *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

All other claims and Defendants are dismissed.

Defendants Dr. Larry and CTO Hockenberg are not mentioned in the body of the pleading, and are therefore dismissed without prejudice. *See Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").  And, "Internal Affairs" – which refers to an entire department at the facility, rather than any particular individual – is dismissed as Defendant.

Plaintiff may also be attempting to raise a stand-alone claim against a John Doe Internal Affairs Officer.  Plaintiff alleges that "Internal Affairs Officer John Doe refused to report this incident and allows Plaintiff to proceed with investigations for months at a time after exhausting administrative remedies to the last level of the exhaustion process even nothing still has yet to be done." (Dkt. 1 at pg. 14.) These allegations, however, state no claim. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (no constitutional right to a police investigation, much less one that meets claimant's satisfaction); *see also Caffey v. Walker*, No. 05 C 6803, 2008 WL 4066470, at *4 (N.D. Ill. Aug. 28, 2008) (observing that prison officials cannot be held liable for allegedly inadequate investigation of grievances).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document she files in this Court to Defendant or to defense counsel if an attorney has entered an appearance on behalf of Defendant. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for attorney representation (Dkt. 6) is denied without prejudice. There is "no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must consider two questions: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal

---

[2]     Plaintiff is advised that she will need to ascertain the identity of the unknown individual in order to have this individual served. Once an attorney has entered an appearance on behalf of the known/named Defendants, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identities of the unknown Defendant. *See* Fed. R. Civ. P. 33. After Plaintiff learns the identity of the individual, she may amend the complaint to sue this officer individually. Summonses will then issue for service on that individual. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Plaintiff should therefore attempt to identify the unknown Defendant as soon as possible in light of the statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

       Plaintiff's motion demonstrates that she made reasonable attempts to retain counsel in this matter. (*See* Dkt. 6 at pg. 1.) However, the recruitment of counsel is not warranted at this time given that no Defendants have been served and no responsive pleading is on file. This case is in its early stages and Plaintiff has been permitted to proceed upon the complaint (in accordance with this order). Accordingly, the current motion is denied without prejudice to later renewal as circumstances may warrant.

Date:   September 8, 2025

                                          _____
                                          Jeremy C. Daniel
                                          United States District Judge